13 CV 2029

JUDGE HELLERSTEIN

Martin F. Casey
Janine E. Brown
**CASEY & BARNETT, LLC**
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA a/s/o MUELLER WATER
PRODUCTS, INC.,

        Plaintiff,

  - against –

AP MOLLER-MAERSK A/S d/b/a MAERSK LINE,

        Defendant.
------------------------------------------------------------X

2013 Civ.

**COMPLAINT**



Plaintiff, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA a/s/o MUELLER WATER PRODUCTS, INC., by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

### JURISDICTION

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

### PARTIES

2.    At all material times, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA (hereinafter "IINA" or "Plaintiff") was and is a corporation with an office and place of business located at 1133 Avenue of the Americas, New York, New York 10036, and is the

subrogated underwriter of two consignments of pipes laden on board the M/V MAERSK MONTANA and M/V MAERSK DRUMMOND, as more specifically described below.

3. At all material times, MUELLER WATER PRODUCTS, INC. (hereinafter "Mueller" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 1200 Abernathy Road, N.E., Suite 1200, Atlanta, Georgia 30328 and was the owner/consignee of two consignments of pipes laden on board the M/V MAERSK MONTANA and M/V MAERSK DRUMMOND, as more specifically described below.

4. At all material times, defendant, AP MOLLER-MAERSK A/S d/b/a MAERSK LINE (hereinafter "Maersk") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 2 Giralda Farms, Madison Avenue, Madison NJ 07940 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier.

5. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

### AS AND FOR A FIRST CAUSE OF ACTION

6. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 5, inclusive, as if herein set forth at length.

7. In March 2012, a consignment consisting of 4 ductile iron pipes, laden in container number MSKU4516921, then being in good order and condition, was delivered to the M/V MAERSK MONTANA and to Maersk and/or its agents in Savannah, Georgia in

consideration of an agreed upon freight, pursuant to Maersk bill of lading number MAEUGPJ05693, for transportation to Bahrain.

8. Thereafter, the aforementioned consignment was loaded aboard the M/V MAERSK MONTANA and the vessel sailed for its intended destination.

9. On or about April 22, 2012, container number MSKU4516921 was discharged in Bahrain.

10. Upon discharge and delivery, it was discovered that the pipes laden in container number MSKU4516921 had sustained physical damage during transit and required repair.

11. As a result of the foregoing, Plaintiff sustained a loss of $5,008.96 for the consignment in container number MSKU4516921.

12. The loss sustained by Plaintiff was not the result of any act or omission of the Plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the Defendant and/or its agents.

## AS AND FOR A SECOND CAUSE OF ACTION

13. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 12, inclusive, as if herein set forth at length.

14. On or about March 16, 2012, a consignment consisting of 4 ductile iron pipes, laden in container number PONU3039090, then being in good order and condition, was delivered to the M/V MAERSK DRUMMOND and to Maersk and/or its agents in Savannah, Georgia in consideration of an agreed upon freight, pursuant to Maersk bill of lading number MAEUGPJ105710 dated March 16, 2012, for transportation to Bahrain.

15. Thereafter, the aforementioned consignment was loaded aboard the M/V MAERSK DRUMMOND and the vessel sailed for its intended destination.

16. On or about April 29, 2012, container number PONU3039090 was discharged in Bahrain.

17. Upon discharge and delivery, it was discovered that the pipes laden in container number PONU3039090 sustained physical damage during transit and required repair.

18. As a result of the foregoing, Plaintiff sustained a loss of $5,014.65 for the consignment in container number PONU3039090.

19. The loss sustained by Plaintiff was not the result of any act or omission of the Plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the Defendant and/or its agents.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $10,023.61, together with interests, costs and the disbursements of this action; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
March 26, 2013
115-1266/1267

CASEY & BARNETT, LLC
Attorneys for Plaintiff

By: _____/s/_____
Martin F. Casey
Janine E. Brown
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225